E-FILED
Friday, 30 October, 2026 01:52:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 22-cr-30023** |
| **DEMETRIUS S. WASHINGTON,** <br> **Defendant.** | ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Demetrius Washington's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence. (Doc. 52). For the reasons that follow, Defendant's Motion is Denied.

## I. BACKGROUND

On December 6, 2023, Defendant was sentenced to a term of 96 months' imprisonment, following his guilty plea to one count of Possession of a Firearm by a Prohibited Person—a Felon. Defendant was sentenced the same day to a consecutive term of 12 months' imprisonment in an unrelated case.

On August 13, 2024, Defendant filed his motion under § 2255 raising one ground for relief—that counsel was ineffective for failing to raise a Second Amendment challenge to his conviction based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). (Doc. 52). On October 3, 2024, the Court stayed briefing on Defendant's motion pending the Seventh Circuit's decision in *United States v. Prince*, No. 23-3155. Following

the decision in *Prince*, the stay was lifted and the Government filed its Response on April 17, 2026.

## II. DISCUSSION

Section 2255 relief is available for prisoners who show that their sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "Relief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021). It is not a substitute for direct appeal. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

A federal prisoner may assert a violation of his Sixth Amendment right to counsel by bringing an ineffective assistance of counsel claim on collateral review under § 2255. *Christopher v. United States*, 148 F.4th 885, 890 (7th Cir. 2025). To establish ineffective assistance, the petitioner must show: (1) that counsel's performance "fell below an objective standard of reasonableness;" and (2) petitioner suffered prejudice as a result. *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In considering the performance prong, courts should "mitigate the distortive effects of hindsight" and conduct a "highly deferential" review of counsel's performance," while "indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 890 (citation omitted). As for the prejudice prong, the

petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Defendant's § 2255 motion is premised on a district court decision in *United States v. Anderson*, 2023 WL 7531169 (N.D. Ill. 2023), finding 18 U.S.C. § 922(g)(1) violated the defendant's rights under the Second Amendment to the United States Constitution. *Id.* at *11. After its decision in *Prince*, the Seventh Circuit vacated the district court's judgment in *Anderson*. *See United States v. Anderson*, 2026 WL 1552111 (7th Cir. May 28, 2026).

As the Government notes, almost every federal court that had addressed the constitutionality of § 922(g)(1) at the time of Defendant's guilty plea had concluded that the statute remains constitutional—approximately 174 separate rulings. That number has since grown significantly. In *United States v. Prince*, 171 F.4th 1009 (7th Cir. 2026), citing the decisions of several other circuits, the Seventh Circuit held that § 922(g)(1) "is valid in many applications and cannot be declared unconstitutional 'on its face.'" *Id.* at 1011 (citing *Zherka v. Bondi*, 140 F.4th 68, 74–75, 91–93 (2d Cir. 2025); *United States v. Canada*, 123 F.4th 159, 161–62 (4th Cir. 2024); *United States v. Kimble*, 142 F.4th 308, 314–17 (5th Cir. 2025); *United States v. Williams*, 113 F.4th 637, 657–61 (6th Cir. 2024); *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024); *United States v. Duarte*, 137 F.4th 743, 755–61 (9th Cir. 2025) (en banc); *Vincent v. Bondi*, 127 F.4th 1263, 1264–66 (10th Cir. 2025); *United States v. Dubois*, 139 F.4th 887, 892–94 (11th Cir. 2025). The court in *Prince* "reserve(d) decision on as-applied challenges by persons whose felony convictions do not suggest that firearms would be dangerous in their hands." *Id.* at 1011-12.

Defendant has a prior juvenile conviction for Armed Robbery and adult convictions for Robbery and Possession of a Controlled Substance. As for Defendant's criminal conduct in the underlying case, Defendant possessed the firearm in connection to another felony offense—that being the aggravated discharge of a firearm by his brother, then a juvenile, at a romantic rival of Defendant's. The Government presented evidence which showed Defendant handed his brother the firearm moments before the shooting before calmly walking away. (Docs. 44 at 4-7, 49 at 5). Like the defendant in *Prince*, who had prior convictions for armed robbery and aggravated battery and whose criminal activity in that case "involved accosting passengers on public transport with a firearm and demanding that they hand over their valuables," *see Prince*, 171 F.4th at 1011, "[i]t would not be possible to argue with a straight face that firearms are harmless in [Defendant's] hands." *Id.*

Based on the foregoing, a *Bruen* challenge by Defendant would have been meritless. "Counsel is not ineffective for failing to raise meritless claims." *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013). Defendant cannot show that counsel's performance was objectively unreasonable and, even if he could make that showing, he could not show that there is a reasonable probability the result of the proceedings would have been different but for counsel's unprofessional errors. Because § 922(g)(1) is constitutional on its face and as applied to Defendant based on his criminal history, Defendant cannot show counsel was deficient for not raising a *Bruen* challenge.

## III. CONCLUSION

For the reasons stated herein, Defendant's § 2255 ineffective assistance of counsel claim related to the failure to raise a Second Amendment challenge to his conviction and sentence fails because Defendant cannot meet either *Strickland* prong. Because he is unable to show prejudice or deficient performance, the Court concludes that an evidentiary hearing under Rule 8(a) of the Rules Governing Section 2255 Proceedings is unnecessary.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability. Upon reviewing the entire record, the Court concludes that the Petitioner has not made a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

Therefore, Defendant Demetrius Washington's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence [Doc. 52] is DENIED. Because Defendant has not made a substantial showing of the denial of a constitutional right, the Court hereby denies the Defendant a certificate of appealability under Rule 11(a). Defendant may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. The Clerk will send a copy of this Order to Defendant at the address listed on the docket.

ENTER: October 30, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE